ALICE M. BATCHELDER, Chief Judge,
concurring.
In Count II of his first amended complaint, the plaintiff pled a Title VII retaliation claim that was distinct from his Title VII discrimination claim and his First Amendment retaliation claim. The defendants moved for summary judgment on the discrimination claim and the First Amendment claim, which the district court granted, but did not challenge the Title VII retaliation claim. Consequently, the district court did not address the Title VII retaliation claim in its opinion or judgment.
I agree with the lead opinion that we should remand this case to the district court for further proceedings on the Title VII retaliation claim. But I do not agree that the district court analyzed this claim improperly — inasmuch as the district court *734 did not analyze it at all — and I am leery of characterizing the facts and circumstances in a way that would limit the district court’s plenary examination of a summary judgment motion on this claim on remand.
The lead opinion has rather thoroughly laid out the McDonnell Douglas burden-shifting framework and — accepting all of the plaintiffs accusations as true — essentially determined that the plaintiff has made out his prima facie case. Precisely because we must, at this stage, accept all of the plaintiffs allegations of fact as true, we may hold only that the plaintiff has demonstrated that there remain genuine issues of fact material to his claim that he suffered a material adverse action. But we may not hold that he has established a prima facie case, particularly while also holding that material questions of fact remain in dispute as to that issue.
The McDonnell Douglas framework has three stages. Assuming the plaintiff has made out a prima facie case and satisfied the first stage, it might be that the defendants could satisfy the second stage (and third) and still obtain summary judgment. I do not mean to opine on the likelihood of this, as I would leave that entirely to the district court on remand.
In summary, I agree with the entirety of the district court’s well-written opinion. The fact that the district court overlooked the Title VII retaliation claim, which the parties failed to bring to its attention, does not change my view. But because I also agree that the plaintiff properly pled this claim, I join the judgment to remand for the district court to address it now.